CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

SHAMEEKA ROCHFORD, on behalf of herself          :        Case No. 18-CV-4107
and others similarly situated,                                       :
                                                                                      :
                                        Plaintiff,                          :        **FLSA COLLECTIVE**
                                                                                      :        **ACTION COMPLAINT**
            -against-                                                          :
                                                                                      :
MY FIRST STEP ENRICHMENT PROGRAM 2 INC.,   :        **Jury Trial**
MY FIRST STEPS FAMILY DAY CARE, LLC,          :        **Demanded**
and TIFFANY DIAZ,                                                   :
                                                                                      :
                                        Defendants.                      :
-------------------------------------------------------------------X

Plaintiff SHAMEEKA ROCHFORD (hereinafter, "Plaintiff"), on behalf of herself

and other similarly situated employees, by and through her undersigned attorneys, Cilenti

& Cooper, PLLC, files this Complaint against defendants MY FIRST STEP

ENRICHMENT PROGRAM 2 INC., MY FIRST STEPS FAMILY DAY CARE LLC

(collectively, the "Corporate Defendants" or the "Day Care"), and TIFFANY DIAZ

(collectively, the "Defendants"), and states as follows:

## INTRODUCTION

1.        Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as

amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), she is entitled to recover from Defendants:

(a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law, she is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premiums for each day in which her shift exceeded ten (10) hours, (d) liquidated and statutory damages, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

### JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

### PARTIES

5.     Plaintiff is a resident of Bronx County, New York.

6.     Defendant, MY FIRST STEP ENRICHMENT PROGRAM 2 INC., is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 1323 Clinton Avenue, Bronx, New York 10456.

7.     Defendant, MY FIRST STEPS FAMILY DAY CARE, LLC is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business at 1323 Clinton Avenue, Bronx, New York 10456.

8.     Defendant, TIFFANY DIAZ, is the owner, President and Chief Executive Officer of MY FIRST STEP ENRICHMENT PROGRAM 2 INC., and is an officer, director, manager, supervisor, and proprietor of MY FIRST STEP ENRICHMENT PROGRAM 2 INC., who participates in the day-to-day operations of the Day Care, and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with MY FIRST STEP ENRICHMENT PROGRAM 2 INC.

9.     Defendant, TIFFANY DIAZ, is the sole member of MY FIRST STEPS FAMILY DAY CARE, LLC, and is a director, manager, supervisor, and proprietor of MY FIRST STEPS FAMILY DAY CARE, LLC, who participates in the day-to-day operations of the Day Care, and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with MY FIRST STEPS FAMILY DAY CARE, LLC.

10.     Defendant, TIFFANY DIAZ, exercised control over the terms and conditions of Plaintiff's employment in that she has the power to: (i) hire and fire employees, (ii) determine and approve rates and methods of employee pay, (iii) determine and approve employee work schedules, (iv) supervise and control the work of the employees, and (v) create and maintain employment records.

11.     Upon information and belief, during all times relevant to the claims herein, MY FIRST STEP ENRICHMENT PROGRAM 2 INC. was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has

and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

12.     Upon information and belief, during all times relevant to the claims herein, MY FIRST STEPS FAMILY DAY CARE, LLC was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

13.     Defendants employed Plaintiff to work as a non-exempt day care assistant from on or about February 6, 2017 through on or about April 18, 2018.

14.     The work performed by Plaintiff was directly essential to the business operated by Defendants.

15.     Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

16.     Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

17.     Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned "spread of hours" premiums in direct contravention of the New York Labor Law.

4

18.     Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

19.     Defendant TIFFANY DIAZ actively participates in the day-to-day operation of the Day Care. For instance, Ms. Diaz personally hires and fires employees, supervises and directs the work of the employees, instructs the employees how to perform their jobs, and corrects and/or reprimands the employees for any errors made.

20.     Defendant TIFFANY DIAZ creates and implements all business policies and makes all crucial business decisions, including those concerning the number of hours the employees work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

21.     The Corporate Defendants are associated as a single enterprise, utilizing Plaintiff and other similarly situated employees in a fungible and interchangeable manner as workers in the business operated by Defendants.

22.     The Corporate Defendants each engage in related activities, namely, providing child day care services to the general public for profit. The Corporate Defendants share Plaintiff and other similarly situated employees, act in the interest of each other with respect to employees, pay their employees by the same plan or scheme, and are themselves under common control.

23.     The Corporate Defendants are controlled by the same owner, or owner group, operating as a unified operation and, upon information and belief, each provide mutually supportive services to the substantial advantage of the other such that each

entity is operationally interdependent of each other and, therefore, may be treated as a single enterprise.

24.     The performance of Plaintiff's job responsibilities, as well as the responsibilities of other similarly situated employees, was and is controlled by one person or group of persons, corporations, or other organizational units acting together.

25.     On or about February 6, 2017, Defendants hired Plaintiff to work as a non-exempt day care assistant.

26.     Neither at the time of hire, nor at any time thereafter, did Defendants provide Plaintiff with a written wage notice identifying Plaintiff's regular hourly rate of pay and corresponding overtime rate of pay.

27.     Plaintiff worked for Defendants in that capacity until on or about April 18, 2018.

28.     Plaintiff worked over forty (40) hours per week.

29.     Throughout her employment, Plaintiff worked five (5) days per week, and her work shift consisted of ten (10) hours per day Monday through Friday from 8:00 a.m. until 6:00 p.m.

30.     Plaintiff's work shift would occasionally exceed ten (10) hours in a day.

31.     From the beginning of her employment and continuing through December 2017, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid at the rate of $10.50 per hour straight time for all hours worked, and worked fifty (50) hours per week (and sometimes more). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

6

32.     Beginning in or about January 2018 and continuing through the remainder of her employment on or about April 18, 2018, Plaintiff was not paid proper minimum wages and overtime compensation.  During this period, Plaintiff was paid at the rate of $10.50 per hour straight time for all hours worked, and worked fifty (50) hours per week (and sometimes more).  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

33.     At times during Plaintiff's employment, Defendants failed to provide Plaintiff with a written wage statement setting forth, among other things, Plaintiff's gross wages, any deductions from Plaintiff's gross wages, and Plaintiff's net wages.

34.     Defendants knowingly and willfully operate their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff and other similarly situated employees.

35.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

36.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees "spread of hours" premiums for each day that they work a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

7

37.    At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## COLLECTIVE ACTION ALLEGATIONS

38.    Plaintiff brings this action individually and as class representative on behalf of herself and all other current and former non-exempt, non-managerial employees who have been or were employed by Defendants since May 8, 2015 until the close of the opt-in period (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage and/or less than the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

39.    The collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than twenty (20) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.  Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

40.    Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields

of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

41.    This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

42.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

43.    Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

        a.    Whether Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

b.     Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

c.     What proof of hours worked is sufficient where the employer fails in its duty to maintain wage and hour records;

d.     Whether Defendants failed to pay Plaintiff and the Collective Action Members statutory minimum wages;

e.     Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f.     Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g.     Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements, and attorneys' fees.

44.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

45.     Plaintiff and others similarly situated have been substantially damaged by Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

46.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "45" of this Complaint as if fully set forth herein.

47.     At all relevant times, upon information and belief, the Corporate Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

48.     At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

49.     Upon information and belief, at all times relevant to the allegations herein, MY FIRST STEP ENRICHMENT PROGRAM 2 INC. had gross revenues in excess of $500,000.

50.     Upon information and belief, at all times relevant to the allegations herein, MY FIRST STEPS FAMILY DAY CARE, LLC had gross revenues in excess of $500,000.

51.     Plaintiff and the Collective Action Members worked hours for which they were not paid the statutory minimum wage.

52.     Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the Collective Action Members for hours worked.

53.    Defendants failed to pay Plaintiff and the Collective Action Members minimum wages in the lawful amount for hours worked.

54.    Plaintiff and the Collective Action Members were entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

55.    Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

56.    At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

57.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiff and the Collective Action Members.

58.    As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of

employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

59.     Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

60.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

61.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

62.     Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

63.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "62" of this Complaint as if fully set forth herein.

64.     At all relevant times, Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

65.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

66.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than time and one-half for each hour worked in excess of forty (40) hours in a workweek.

67.     Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours.  New York State Department of Labor Regulations § 142-2.4.

68.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay a "spread of hours" premium to Plaintiff for each day she worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

69.     Neither at the time of hiring, nor thereafter, did Defendants notify Plaintiff of her regular hourly rate of pay and corresponding overtime rate of pay, and her regularly designated payday, in contravention of New York Labor Law § 195(1).

70.     Defendants failed to furnish Plaintiff with a statement with every payment of wages properly listing gross wages, deductions, and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations §§ 142-2.7.

71.     Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

72.     Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 142-2.6.

73.     Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid minimum wages, unpaid overtime compensation,

14

unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198.

74.     Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1).

### PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, SHAMEEKA ROCHFORD, on behalf of herself and all similarly situated employees, respectfully requests that this Court grant the following relief:

(a)     An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b)     An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c)     An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(d)     An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e)     An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, and "spread of hours" premiums pursuant to the New York Labor Law;

(f)     An award of statutory damages pursuant to the New York State Wage Theft Prevention Act;

(g)     An award of prejudgment and post-judgment interest;

(h) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

(i) Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
May 8, 2018

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102

By: _____
Giustino (Justin) Cilenti (GC2321)

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Shameeka Rochford_, am an employee currently or

formerly employed by _My First Step Enrichment Program_ and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_April 10_, 2018

_Shameeka Rochford_