USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/27/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
SHAMEEKA ROCHFORD,

               Plaintiff, : 18 Civ. 4107 (HBP)

  -against- : OPINION
                      AND ORDER
MY FIRST STEP ENRICHMENT
PROGRAM 2, INC., et al.,

               Defendants.
-----------------------------------X

        PITMAN, United States Magistrate Judge:

        I held a lengthy settlement conference in this matter on January 9, 2019 that was attended by the parties and their counsel. A settlement was reached at the conference, and this matter is now before me on the parties' joint application to approve the settlement. All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

        Plaintiff alleges that she was employed as an assistant from approximately February 6, 2017 until April 18, 2018 at a daycare center that was owned and operated by defendants. Plaintiff further alleges that she worked approximately 50 hours per week and was paid approximately $10.50 per hour for all hours worked, except for her last three weeks of employment when she was paid $12.00 per hour. Plaintiff brings this action under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law (the "NYLL"), and seeks to recover

unpaid minimum wages, overtime premium pay and statutory damages under the wage statement and wage notice requirements of the NYLL. Plaintiff also seeks damages on a retaliatory discharge claim, alleging that defendants improperly terminated her after she complained about her unpaid wages. According to her damages calculations, plaintiff is potentially owed $37,852.49 in unpaid minimum wages, overtime premium pay, statutory damages and lost wages.

Defendants contend that plaintiff never worked in excess of 40 hours per week and that they do not, therefore, owe her overtime premium pay. Defendants also dispute plaintiff's retaliatory discharge claim and maintain that she was terminated due to her failure to report to work, insubordination and poor work performance. Defendants further contend that the corporate defendants do not meet the FLSA's $500,000.00 revenue threshold and produced tax returns to support this assertion.

I presided over the settlement conference between the parties and their counsel on January 9, 2019. After a protracted discussion of the strengths and weaknesses of the parties' respective positions, the parties agreed to resolve the dispute with a total payment of $10,500.00, of which $7,000.00 is to be paid to plaintiff and $3,500.00 is to be paid to plaintiff's counsel as attorneys' fees and costs. The parties memorialized the terms of the settlement in a written settlement agreement

(Settlement Agreement and Release of Wage and Hour Claims, dated Mar. 6, 2019, annexed to Letter from Justin Cilenti, Esq. to the undersigned ("Cilenti Letter") as Ex. 1 (D.I. 37-1) ("Settlement Agreement")).

> Court approval of an FLSA settlement is appropriate
>
> > "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliquichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing

3

> their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted). The settlement here satisfies these criteria.

First, plaintiff's net settlement -- $7,000.00 after attorneys' fees and costs -- represents approximately 19% of her total alleged damages. This percentage is reasonable, especially considering the majority of plaintiff's claimed damages were related to her retaliatory discharge claim. See Redwood v. Cassway Contracting Corp., 16 Civ. 3502 (HBP), 2017 WL 4764486 at *2 (S.D.N.Y. Oct. 18, 2017) (Pitman, M.J.) (net settlement of 29.1% of FLSA plaintiffs' maximum recovery is reasonable); Chowdhury v. Brioni America, Inc., 16 Civ. 344 (HBP), 2017 WL 5953171 at *2 (S.D.N.Y. Nov. 29, 2017) (Pitman, M.J.) (net settlement of 40% of FLSA plaintiffs' maximum recovery is reasonable); Felix v. Breakroom Burgers & Tacos, 15 Civ. 3531 (PAE), 2016 WL 3791149 at *2 (S.D.N.Y. Mar. 8, 2016) (Engelmayer, D.J.) (net settlement of 25% of FLSA plaintiff's maximum recovery is reasonable).

Second, the settlement will entirely avoid the expense and aggravation of litigation. The factual and legal issues in this matter would have led to protracted and costly litigation,

4

likely involving multiple depositions and dispositive motion practice. The settlement avoids this burden.

Third, the settlement will enable plaintiff to avoid the risk of litigation. Given defendants' numerous defenses and the fact that plaintiff bears the burden of proof, it is uncertain whether, or how much, plaintiff would recover at trial.

Fourth, because I presided over the settlement conference that immediately preceded plaintiff's acceptance of the settlement, I know that the settlement is the product of arm's-length bargaining between experienced counsel. Both counsel represented their clients zealously at the settlement conference.

Fifth, there are no factors here that suggest the existence of fraud. The material terms of the settlement were reached at the settlement conference after a lengthy negotiation.

Plaintiff also agrees to a release of defendants limited to wage-and-hour claims (Settlement Agreement § C). I find this release permissible because it is narrowly tailored to wage-and-hour issues. See Redwood v. Cassway Contracting Corp., supra, 2017 WL 4764486 at *3 (release of defendants "from any and all wage and hour and/or notice claims" that could have been brought permissible "because it is limited to claims relating to wage and hour issues"); Yunda v. SAFI-G, Inc., 15 Civ. 8861 (HBP), 2017 WL 1608898 at *3 (S.D.N.Y. Apr. 28, 2017) (Pitman, M.J.) (release that is "narrowly-tailored to plaintiffs' wage-

and-hour claims" permissible); see also Santos v. Yellowstone Props., Inc., 15 Civ. 3986 (PAE), 2016 WL 2757427 at *1, *3 (S.D.N.Y. May 10, 2016) (Engelmayer, D.J.); Hyun v. Ippudo USA Holdings, 14 Civ. 8706 (AJN), 2016 WL 1222347 at *3-*4 (S.D.N.Y. Mar. 24, 2016) (Nathan, D.J.).

Finally, the settlement provides that $3,500.00, 33.3% of the total settlement amount, will be paid to plaintiff's counsel as a contingency fee (Cilenti Letter at 5).[1] I find this fee to be reasonable as contingency fees of one-third in FLSA cases are routinely approved in this Circuit. See Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement,

---

[1] Plaintiff's counsel does not seek reimbursement for any out-of-pocket costs.

6

and noting that such a fee arrangement "is routinely approved by courts in this Circuit").

Accordingly, for all the foregoing reasons, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice and without costs. The Clerk is respectfully requested to mark this matter closed.

Dated: New York, New York
March 27, 2019

SO ORDERED

/s/ Henry Pitman
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel